# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| John William Wallace,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>Close Legal Description,<br><br>　　　　Defendant(s). | Case No. 2:25-cv-01648-CDS-NJK<br><br>**Report and Recommendation** |

Pending before the Court is an order for Plaintiff to show cause why he should not be declared a vexatious litigant to a prefiling order. Docket No. 7. The Court warned that "[f]ailure to respond to this order to show cause will result in a recommendation that Plaintiff be declared a vexatious litigant subject to a prefiling order." *Id.* at 3. Plaintiff did not respond.

**I.　STANDARDS**

This Court has the power to enter prefiling orders against vexatious litigants pursuant to the All Writs Act, 28 U.S.C. § 1651(a).[1] "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Nonetheless, the Ninth Circuit has cautioned that such orders are "an extreme remedy that should rarely be used . . . because such sanctions can tread on a litigant's due process right of access to the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

---

[1] Plaintiff tends to initiate cases using a "general delivery" address for various locations. The record showed previously that Plaintiff was incarcerated in a county jail in Washington, *see* Case No. 3:12-cv-00223-LRH-VPC (docketed address at the Benton County Jail), and at a psychiatric facility for inmates in Washington, *see* Case No. 3:12-cv-00362-LRH-VPC (docketed address at Eastern State Hospital). Whether Plaintiff remains incarcerated is unclear, so the Court declines at this time to address whether Plaintiff is subject to the three strikes limitation specific to inmates. *See* 28 U.S.C. § 1915(g). Instead, the Court issues this report and recommendation pursuant to the generally applicable vexatious litigant standards.

In determining whether a prefiling order is appropriate, the Ninth Circuit has outlined four requirements:

> When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). The first two considerations are procedural in nature while the latter two are substantive in nature. *Molski*, 500 F.3d at 1057-58. In applying the latter two considerations, the Ninth Circuit has identified five additional factors that provide a helpful framework:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Safir*, 792 F.2d 19, 24 (2d Cir. 1986)).

## II.     ANALYSIS

### A.     Notice and Opportunity to be Heard

Plaintiff was provided notice and afforded an opportunity to be heard. The Court issued the subject order to show cause, which was sent to the mailing address Plaintiff identified in his papers. *See* Docket No. 7 (notice of electronic filing).

### B.     Adequate Record for Review

Plaintiff initiated this lawsuit with a document that contains no factual allegations and no legal claims, but instead consists of a list of addresses. *See* Docket No. 1-1. Plaintiff has initiated a number of cases with similarly incoherent documents. The cases have been dismissed based on the incomprehensible nature of the complaint, for Plaintiff failing to pay the filing fee or file an application to proceed *in forma pauperis*, and/or for Plaintiff failing to update his address:

1. *Wallace v. State of Cal.*, Case No. 3:11-cv-00278-RCJ-VPC, Docket No. 7 (dismissing for failing to pay the filing fee or file an application to proceed *in forma pauperis*);

2. *Wallace v. State of Ore.*, Case No. 3:11-cv-00808-RCJ-VPC, Docket No. 7 (dismissing for failing to file a comprehensible complaint and for failing to file an application to proceed *in forma pauperis*);

3. *Wallace v. State of Cal.*, Case No. 3:13-cv-00174-RCJ-WGC, Docket No. 10 (dismissing for failing to pay the filing fee or file an application to proceed *in forma pauperis*);

4. *Wallace v. Federal Agent*, Case No. 3:12-cv-00223-LRH-VPC, Docket No. 5 (dismissing for failing to pay the filing fee or file an application to proceed *in forma pauperis*);

5. *Wallace v. Nye County Jail*, Case No. 3:12-cv-00362-LRH-VPC, Docket No. 3 (dismissing as delusional);

6. *Wallace v. Veterans Affairs*, Case No. 3:15-cv-00161-MMD-VPC, Docket No. 7 (dismissing for failing to file a comprehensible complaint and for failing to file an application to proceed *in forma pauperis*);

7. *Wallace v. Veterans Affairs*, Case No. 3:15-cv-00302-RCJ-VPC, Docket No. 10 (dismissing for failing to file a comprehensible complaint and for failing to file an application to proceed *in forma pauperis*);

8. *Wallace v. Unknown*, Case No. 2:24-cv-00162-RFB-EJY, Docket No. 4 (dismissing the complaint as incomprehensible);

9. *Wallace v. Unknown*, Case No, 2:24-cv-00425-ART-BNW, Docket No. 5 (dismissing for failing to pay the filing fee or file an application to proceed *in forma pauperis*);

10. *Wallace v. Close Legal Description*, Case No. 2:24-cv-01716-CDS-BNW, Docket No. 7 (dismissing for failure to pay the filing fee or file an application to proceed *in forma pauperis*, and failure to update address);

        11.  *Wallace v. Close Legal Description*, Case No. 2:24-cv-02108-JAD-DJA, Docket No. 13 (dismissing for failure to pay the filing fee or file an application to proceed *in forma pauperis*, and failure to update address); and

        12.  *Wallace v. Close Legal Description*, Case No. 2:25-cv-1224-MDC (pending).

In short, this is one of many similar cases that Plaintiff has initiated with no comprehensible complaint, despite the many dismissals identified above. The Court has an adequate record for review.

        C.     <u>Frivolousness or Harassing Nature of Cases</u>

        Plaintiff has a lengthy history of filing frivolous and delusional cases, as noted above. Plaintiff's cases have all been dismissed, either for failing to comply with the basic procedural requirements for maintaining a federal lawsuit (*e.g.*, not updating one's mailing address, failing to pay the filing fee or file an application to proceed *in forma pauperis*) or based on the incomprehensible and frivolous nature of the complaint. In one such case, Plaintiff's complaint consisted of repeating words such as "oil," "bail," "policeman," and "corn," so the Court concluded that the allegations were indecipherable, factually fanciful, and delusional. *See* Case No. 3:12-cv-00362-LRH-VPC, Docket No. 3 (D. Nev. July 5, 2012). Plaintiff's complaint in this case, for example, consists of pages of addresses without providing any factual allegations or otherwise attempting to state a claim. *See* Docket No. 1-1. In short, Plaintiff has continued initiating indecipherable and delusional federal lawsuits in this District for more than a decade.

        D.     <u>Narrowly-Tailored Prefiling Order</u>

        In light of the above, a prefiling order is warranted. The Court must therefore craft a prefiling order that is not overly broad and is as narrowly tailored as possible to address the vexatious conduct at issue. An order is narrowly tailored where it preserves the litigant's right to adequate, effective, and meaningful access to the court, while protecting the court from abuse. *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). "When a narrow injunction would not suffice to address the litigant's abuse, the Court must provide justification for the broader scope of the injunction that is imposed." *See, e.g.*, *O'Neil v. New York*, 2021 WL 1555040, at *5 (D. Nev. Mar. 24, 2021), *adopted*, 2021 WL 1554323 (D. Nev. Apr. 20, 2021). A general history of

litigious conduct may support a broad prefiling injunction, particularly where the litigant's vexatious conduct is not confined to a single set of defendants or a single topic area. *E.g.*, *Harper v. United States*, 2017 WL 5759880, at *5 (S.D. Cal. Nov. 28, 2017); *Greene*, 2016 WL 3176596, at *6-7; *Brown v. Hoops*, 2013 WL 5329484, at *6 (C.D. Cal. Sept. 20, 2013); *Hurt v. All Sweepstakes Contests*, 2013 WL 144047, at *7 (N.D. Cal. Jan. 11, 2013).

The through line of Plaintiff's cases are that they consist of incoherent complaints that do not contain discernible factual allegations. The would-be defendants in these cases, however, vary between states, governmental entities, governmental workers, "unknown," and "close legal description." Moreover, there is no factual content to these cases, such that limiting a prefiling order to a particular subject area is not possible.

Given the wide-ranging nature of the claims brought by Plaintiff and the parties being sued, a prefiling injunction against all lawsuits is warranted.

### III. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that John William Wallace be **DECLARED VEXATIOUS** for the purpose of issuing a prefiling order.

Dated: September 29, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).