UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

John William Wallace,

         Plaintiff

v.

Close Legal Description,

         Defendant

Case No. 2:25-cv-01648-CDS-NJK

**Order Adopting Magistrate Judge's Reports and Recommendations and Declaring Plaintiff a Vexatious Litigant**

[ECF Nos. 5, 8]

Plaintiff John William Wallace commenced this action against defendant Close Legal Description. ECF No. 1-1. United States Magistrate Judge Nancy J. Koppe reviewed the "complaint" and found it "incompressible and so lacking as to be frivolous and delusional." R&R, ECF No. 5 at 2. Judge Koppe therefore issued a report recommending dismissal of this action with prejudice.[1] *Id.* Judge Koppe also recommends that I declare Wallace a vexatious litigant and issue a prefiling injunction barring him from initiating future actions. R&R, ECF No. 8 at 5. Wallace had until September 18, 2025, and until October 13, 2025, respectively, to file any objections to the magistrate judge's R&Rs. ECF No. 5 at 2; ECF No. 8 at 5 (citing Local Rule IB 3-2(a) (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). Those deadlines passed without Wallace filing objections or otherwise responding in any way.

---

[1] This case was previously assigned to the magistrate judge consent program. ECF No. 2. The defendant has not appeared in this case and thus has not consented to the jurisdiction of the magistrate judge. Because all defendants, even unserved defendants, must consent before a magistrate judge can issue dispositive orders, this case was assigned to a district judge, and therefore the magistrate judge recommends dismissal instead. *See* 28 U.S.C. § 636; *see also Branch v. Umphenour*, 936 F.3d 994, 1005 (9th Cir. 2019) (explaining that § 636(c)(1) requires the consent of all parties for jurisdiction to vest in the magistrate judge).

I.  Discussion

    A.  **Dismissal with prejudice (R&R, ECF No. 5)**

The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Although de novo review of the R&R is not required, I nonetheless made an independent review here. Judge Koppe sua sponte recommends dismissal of this action because Wallace brings this case based on pages of addresses and does not provide any factual allegations or otherwise attempt to state a claim. ECF No. 5 at 2. I agree that sua sponte dismissal is appropriate here. A review of Wallace's initiating document reveals that it contains nothing more than nine pages of addresses described as "Close Legal Description." *See* ECF No. 1-1. Wallace's "complaint" simply makes no sense, fails to identify a cogent cause of action, and is unconnected to the District of Nevada. This litigation is clearly delusional and frivolous, so dismissal is appropriate.

    B.  **Vexatious litigant (R&R, ECF No. 8)**

In the same vein, Judge Koppe's recommendation that Wallace be deemed a vexatious litigant is supported by the record. Federal district courts enjoy inherent authority to issue writs—including prefiling orders—to prevent vexatious litigants from filing frivolous lawsuits and abusing the judicial process. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Before entering a pre-filing order, the district court must provide notice and an opportunity to be heard to the party against whom the order is sought. *Molski*, 500 F.3d at 1057. If the court imposes a pre-filing order, it must set forth which cases and motions support its conclusion that the party's filings are so numerous or abusive that the party should be enjoined,

"make substantive findings" as to the "frivolous or harassing nature" of the litigant's actions, and narrowly tailor the order to "fit the specific vice encountered." *Id.* (quoting *De Long*, 912 F.2d at 1148).

### 1. Notice and opportunity to be heard

A district court may satisfy "the requirement of providing an opportunity to be heard by written submission rather than an oral or evidentiary hearing." *Windsor v. Boushie*, 677 F. App'x 311, 312 (9th Cir. 2017). Under *Ringgold-Lockhart v. County of Los Angeles*, a litigant must be provided notice and an opportunity to oppose any restrictions before their imposition. 761 F.3d 1057, 1062 (9th Cir. 2014). On September 4, 2025, Judge Koppe ordered Wallace to show cause as to why he should not be deemed vexatious. ECF No. 7. However, it is unclear whether Wallace received the show-cause order. It is also unclear whether Wallace receives *any* of the court's mail. He provides his address, in this case, as "General Delivery, Kennewick, WA 99336." Aside from an address to a Washington jail and state hospital, each of Wallace's other cases include similarly unreliable addresses such as "general delivery" in San Francisco, CA; Reno, NV; Fairfield, CA; and Davis, CA. Consequently, almost all of Wallace's mail, in this case and the others, is returned as undeliverable. No address update is ever provided. If the address used by the court is deficient, that deficiency is attributed to Wallace and affords him no excuse for failing to respond to the show-cause order. I therefore conclude that the court has not deprived Wallace of notice and an opportunity to be heard.

### 2. Adequate record for review

Wallace has initiated thirteen pro se lawsuits in the U.S. District Court for the District of Nevada between 2011 and 2025. However, "[a]n injunction cannot issue merely upon a showing of litigiousness." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). Although Wallace has not filed an extraordinary number of lawsuits, each are patently without merit. A review of the initiating documents indicates that Wallace files frivolous, delusional, and meritless matters against entities, persons, or both, which do not contain any factual

allegations whatsoever. To ensure the creation of an adequate record, I also list and incorporate by reference the cases compiled in Judge Koppe's R&R, into this order.

### 3. *Frivolous or harassing nature of plaintiff's litigation*

The Ninth Circuit has adopted the Second Circuit's five-factor framework to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation." *Molski*, 500 F.3d at 1057 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). Such factors include "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24.

#### a. *History of litigation*

The R&R identifies twelve additional lawsuits filed by Wallace in the U.S. District Court for the District of Nevada. ECF No. 8 at 3–4. Although many were dismissed for Wallace's failure to pay the filing fee or file an application to proceed *in forma pauperis*, my independent review shows all of Wallace's initiating documents contain no factual allegations. Rather, they are an incomprehensible litany of repetitive words, entities, or addresses. Thus, although the number of filings do not establish Wallace as vexatious per se, the patently meritless nature of his filings does. The content of Wallace's filings suggests that he does not have a good faith basis for bringing the cases and demonstrates a pattern of vexatiousness.

- *Wallace v. State of Cal.*, Case No. 3:11-cv-00278-RCJ-VPC. Wallace commenced this action by filing two pages, which repeated the following lines: "All Investments in Manitoba of Employees of Washington;" the words "Beef; Cattle; Pork; Hogs; Wheat; Corn; Oats; Rye; Beans; Onions; Potatoes; Cotton;

Wool; Chicken; Machinery; Iron Ore; Steel;" "All Investments in Apple of Employees of Washington D.C.;" and "All Investments in Private of Employees of Washington D.C."). ECF No. 1. The magistrate judge ordered Wallace to complete an *in forma pauperis* application. ECF No. 3. Wallace did not. Instead, he filed two more incomprehensible, handwritten documents that contained no factual allegations. ECF Nos. 4, 5. The case was dismissed for Wallace's failure to pay the filing fee or file an application to proceed *in forma pauperis*. ECF No. 7. The dismissal order was returned as undeliverable. ECF No. 8.

- *Wallace v. State of Ore.*, Case No. 3:11-cv-00808-RCJ-VPC. Wallace filed two identical pages consisting of, among other things, the word "oil" repeated approximately 250 times; the terms "Investments in Exxon Mobil; Medicare; Oil, Policeman, of Employees of Washington D.C.," and "Investments in Private; Public; Exxon Mobil; Oil, Diesel; of Employees of Washington, D.C.;" and a list of dams, followed by a third page repeating "All Investment in Exxon Mobil; $, Dollar; Oil; of Employees of Washington D.C." ECF No. 1. The magistrate judge ordered Wallace to pay the filing fee or to complete an *in forma pauperis* application (ECF No. 3), however, the Postal Service returned the order as undeliverable (ECF No. 4). All of the court's mail was returned as undeliverable. ECF Nos. 6, 8. The case was dismissed for Wallace's failure to submit a request to proceed *in forma pauperis* or a properly styled complaint. ECF No. 7.

- *Wallace v. Federal Agent*, Case No. 3:12-cv-00223-LRH-VPC. Wallace filed fifteen handwritten pages. ECF No. 1. This case follows a similar pattern to the prior cases filed by Wallace, where there are lines of repeated words. For instance, two pages mainly repeat the word "bankrupt," one page repeats "felony," and approximately five pages repeat "oil." *Id.* The remaining pages feature repeated

lines of "John Day Dam," "Gorge Dam," "Manitoba," "lumber," and "sow." *Id.* Wallace later filed nine pages, two of repeated the words "beef" and "section." Page three mainly repeats "McNary Dam; Shred; Section; Close Legal Description;" page four repeats things like "oil," "diesel," "gasoline," "gas," "arsin (A3H3)," and "grain;" page five repeats "grapefruit," followed by a page of "flax" then "Bonneville Dam;" page eight again repeats "oil;" and page nine is almost completely "squash." Wallace's two additional documents repeat random words such as "oil," "pound," "bean," "hop," "section," "seed," "sugar beet," "cancer," and "coal." The case was dismissed for Wallace's failure to pay the filing fee or file an application to proceed *in forma pauperis*. ECF No. 5.

- *Wallace v. Nye County Jail*, Case No. 3:12-cv-00362-LRH-VPC. Wallace filed five pages consisting of one page of "oil," a second repeating "bail," then "policeman" and "Investment in Policeman; Policeman; Policeman; of Employees of Washington D.C.," and finally a page dedicated to "corn." ECF No. 1. The court determined that Wallace's allegations lacked an arguable basis in fact and law, and the repetition of words factually fanciful and delusional. The case was dismissed as frivolous. ECF No. 4. After dismissal, Wallace filed a seventeen-page handwritten document repeating words like "potatoe" (sic), "cotton," "policeman," "oil," "corn," "frivolous," and "township." ECF No. 5.

- *Wallace v. State of Cal.*, Case No. 3:13-cv-00174-RCJ-WGC. Wallace filed four pages repeating: "Investment Charter One Financial of Employees of Washington, D.C.;" almost one full page of the word "PEA;" another page dedicated to "Investment in Andy Miller; Andy Miller; Andy Miller; of Employees of Washington D.C." and the last page mainly repeating the word "oil." ECF No. 1. Wallace also filed five additional handwritten documents repeating random words such as "Investment Proctor Gamble Co.; Quaker Oats

6

Co. of Employees of Washington D.C.," "Investment of Pilgrim's Price Corp; Ricetec Inc. of Employees of Washington D.C." and "charge: trespass" listing various entities and addresses. The case was dismissed for Wallace's failure to pay the filing fee or file an application to proceed *in forma pauperis*. ECF No. 10.

- *Wallace v. Veterans Affairs*, Case No. 3:15-cv-00161-MMD-VPC. Wallace initiated this action by filing five pages consisting of the words "charge: trespass" followed by various business entities and addresses only. ECF No. 1. He went on to file two similar incomprehensible documents. *See* ECF Nos. 3, 4. The case was dismissed for Wallace's failure to pay the filing fee or file an application to proceed *in forma pauperis*. ECF No. 7. The court's dismissal order was returned as undeliverable. ECF No. 8.

- *Wallace v. Veterans Affairs*, Case No. 3:15-cv-00302-RCJ-VPC. Here, Wallace filed five handwritten documents repeating the words "charge: trespass" followed by various business entities and addresses only, and "one thousand pound gunpowder" and "one thousand pound ammunition." ECF No. 1. The pages are mostly illegible and written over top of forms. The case was dismissed for Wallace's failure to pay the filing fee or file an application to proceed *in forma pauperis*. ECF No. 10. The court's dismissal order was returned as undeliverable. ECF No. 11.

- *Wallace v. Unknown*, Case No. 2:24-cv-00162-RFB-EJY. Wallace commenced this action by filing three pages listing "Close Legal Description" and various addresses in California, Arizona, Michigan, the District of Columbia, and Nevada. ECF No. 1. The case was dismissed for Wallace's failure to pay the filing fee or file an application to proceed *in forma pauperis*. ECF No. 4. The court's dismissal order was returned as undeliverable. ECF No. 5.

- *Wallace v. Unknown*, Case No, 2:24-cv-00425-ART-BNW. Here, Wallace started this suit by filing three pages listing "Close Legal Description" and different addresses in California, Oregon, Iowa, Illinois, and Nevada. ECF No. 1. The magistrate judge ordered Wallace to pay the filing fee or to complete an *in forma pauperis* application. ECF No. 3. Wallace did not. Instead, Wallace filed another four-page document consisting solely of "Close Legal Description" addresses. The case was dismissed for Wallace's failure to pay the filing fee or file an application to proceed *in forma pauperis*. ECF No. 5. After dismissal, Wallace filed another four-page document dedicated to "Close Legal Description" addresses. ECF No. 6.

- *Wallace v. Close Legal Description*, Case No. 2:24-cv-01716-CDS-BNW. Wallace started this case by filing four pages of "Close Legal Description" with various addresses in California and Washington. ECF No. 1. The magistrate judge ordered Wallace to pay the filing fee or to complete an *in forma pauperis* application. ECF No. 2. The court's order was returned as undeliverable, so Wallace was ordered to update his address. ECF No. 3. Wallace failed to pay the filing fee, complete an *in forma pauperis* application, or update his address as ordered. He instead filed another ten-page document listing "Close Legal Description" and various addresses in Washington and California addresses. The case was dismissed for Wallace's failure to pay the filing fee or file an application to proceed in forma pauperis, and failure to update address. ECF No. 7.

- *Wallace v. Close Legal Description*, Case No. 2:24-cv-02108-JAD-DJA. Wallace commenced this suit with four pages of "Close Legal Description" and various addresses in Oregon. ECF No. 1. Wallace filed the same ten-page document listing "Close Legal Description" and various addresses in Washington and

California. ECF No. 5. The magistrate judge ordered Wallace to pay the filing fee or to complete an *in forma pauperis* application. ECF No. 6. The court's order was returned as undeliverable, so Wallace was ordered to update his address. ECF No. 8. Wallace failed to pay the filing fee, complete an *in forma pauperis* application, or update his address so the magistrate judge issued an order to show cause. ECF No. 9. That order was not returned, but Wallace failed to respond to the show-cause order. He instead filed another fifteen-page document listing "Close Legal Description" and various addresses in Colorado, California, and Washington. ECF No. 10. The court's mail was again returned as undeliverable. *See* ECF Nos. 15–17.

- *Wallace v. Close Legal Description*, Case No. 2:25-cv-01224-MDC. Wallace filed five pages of "Close Legal Description" with various addresses in California. ECF No. 1. Wallace failed to pay the filing fee or to complete an *in forma pauperis* application. The court's mail was returned as undeliverable. *See* ECF Nos. 6–7. This case is part of the consent program and is therefore pending review by the magistrate judge.

- *Wallace v. Close Legal Description*, Case No. 2:25-cv-01648-CDS-NJK. The instant case began by Wallace filing nine pages of "Close Legal Description" and various addresses in Oregon and Washington without paying the filing fee or completing an application to proceed *in forma pauperis*. *See* ECF No. 1. The magistrate judge's report and recommendation that the case be dismissed with prejudice, and other court mail, was returned as undeliverable. ECF Nos. 8–11.

b. **Litigant's motive**

As to the second *Safir* factor, Wallace's motives in initiating these lawsuits are unclear. Given the incomprehensibility of the pleadings, which lack any discernable claims, Wallace does not have an objective good faith expectation of prevailing. *Molski*, 500 F.3d at 1058. As

outlined in the R&R, this is one of many similar cases that Wallace has initiated with no comprehensible complaint. ECF No. 8 at 4. He initiates these cases without submitting an application to proceed *in forma pauperis* or paying the filing fee. Nonetheless, his litigation history shows he could not reasonably expect to prevail given his documents contain no allegations. Accordingly, this factor supports a determination that Wallace is a vexatious litigant.

### c. Whether the litigant is represented by counsel

Wallace is a pro se litigant in this case, and in the twelve other cases he has initiated in this district. Generally, courts are protective of pro se litigants' fundamental right to access the court. *De Long*, 912 F.2d at 1147 ("[W]e also recognize that such pre-filing orders should rarely be filed."). However, I find that this factor does not outweigh Wallace's frivolous and abusive filings. A court is not to sit idly by in the face of a litigant who exhibits a pattern of abusive or frivolous litigation. *Reddy v. MedQuist, Inc.*, 2012 WL 6020010, at *8 (N.D. Cal. Dec. 3, 2012) ("[C]ourts are entitled to enjoin pro se litigants with 'abusive and lengthy' litigation histories." (citing *De Long*, 912 F.2d at 1147)).

### d. Burden on the court, its personnel, and unnecessary delay

As to the fourth factor, Wallace has indeed placed a needless burden on the court, the judges, and the staff by filing meritless cases that he never intends to prosecute. Each incomprehensible "complaint" is comprised solely of a series of random and repetitive words and nothing more.[2] Needless to say, this is a flagrant abuse[3] of the judicial system because it consumes the court's time and resources. This unnecessary burden supports a finding of vexatiousness and harassment.

---

[2] I also note that Wallace's documents are handwritten and lack structure or the use of margins or spaces.

[3] "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

### e. *Whether other sanctions would be adequate*

This factor is whether sanctions, other than a pre-filing order, could adequately protect the court and other parties. Wallace's continuous and repetitive lawsuits—and continuous and repetitive filings—demonstrate that lesser sanctions would not be adequate, especially given that Wallace initiates these lawsuits but does not participate in the process. I find that less restrictive options would not provide an adequate deterrence in this case. Wallace's litigation history and lack of participation suggests that monetary sanctions are an inadequate deterrence. Wallace has filed incomprehensible documents in the District of Nevada as early as 2011 and as recently as September 2025. The Ninth Circuit has indicated that vexatious litigant orders "must be limited to what suffices to deter repetition of the [vexatious] conduct." *Molski* at 1065 (quoting Fed. R. Civ. P. 11(c)(4)).

### 4. *Narrowly tailored order*

The final factor requires the pre-filing order to be narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (citing *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). In *Molski*, the Ninth Circuit approved the scope of a vexatious litigant order because it prevented the plaintiff from filing "only the type of claims [he] had been filing vexatiously," and "because it will not deny [him] access to courts on any . . . claim that is not frivolous." 500 F.3d at 1061. This order does not prevent Wallace from pursuing any legitimate nonfrivolous claims; rather, it is limited to indecipherable and delusional lawsuits that do not contain any discernible factual allegations. In addition, the requirement of pre-filing approval is limited to cases that Wallace files pro se; it does not apply to cases filed by counsel. Wallace may proceed with an action either by paying the filing the fee or appearing with the representation of counsel. This restriction would still permit Wallace to have access to the court, but it should halt his vexatious litigation.

Having thoroughly reviewed the findings in the R&R, the circumstances of this case, and the numerous others that Wallace has filed in this district, I find that he has abused the judicial process in a fashion that warrants the extreme remedy of a pre-filing order prohibiting him from filing any further pro se "complaints" that do not comply with Federal Rule of Civil Procedure 8 (which requires that pleadings clearly and concisely set forth factual allegations sufficient to provide a defendant with notice, on which theory, and what relief is being sought against them). *See* Fed. R. Civ. P. 8.

II.     Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's reports and recommendations **[ECF Nos. 5, 8] are accepted and adopted in full**.

IT IS FURTHER ORDERED that John William Wallace is declared a vexatious litigant and is therefore prohibited under 28 U.S.C. § 1651(a) from initiating any lawsuit as a pro se litigant, either alone or with other plaintiffs, in the United States District Court for the District of Nevada that is indecipherable, frivolous, or delusional and that does not contain discernible factual allegations.

IT IS FURTHER ORDERED that if Wallace intends to file any papers with this district that are not frivolous or delusional and do set forth cogent factual allegations, he must pay the filing fee in full or he must first obtain permission from the chief judge of this court by complying with the following instructions:

    1.    Wallace must apply to the Chief Judge of this District for leave to file the initiating documents by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File", which must be supported by a declaration from Wallace, made under penalty of perjury, stating that (1) the matters asserted in the new complaint or papers have never been raised and disposed of on their merits by any court; (2) the claim or claims are not frivolous or made in

bad faith; and (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims; and

    2.    Wallace must attach a copy of this order to any such application.

Failure to comply with these instructions constitutes sufficient grounds for denial of Wallace's application.

IT IS FURTHER ORDERED that the Clerk of Court is authorized to reject, refuse to file, and discard any new litigation-initiating documents submitted pro se by Wallace that do not satisfy the requirements of Federal Rule of Civil Procedure 8. This order does not apply to any suit in which a licensed attorney represents Wallace, he pays the filing fee in full, he obtains permission of the chief judge, or any action in which Wallace appears as a criminal defendant,

This order will remain in effect until further notice by this court. Wallace's "complaint" is dismissed with prejudice. The Clerk of Court is kindly instructed to close this case.

Dated: October 28, 2025

_____
Cristina D. Silva
United States District Judge